UNITED STATES DISTRICT COURT
Southern District of Texas

| | |
|---|---|
| Quintina Richardson,<br><br>　　　　　　　　　Plaintiff<br><br>vs.<br><br>United Airlines,<br><br>　　　　　　　　　Defendant | No. _____<br>COMPLAINT FOR<br>RACIAL DISCRIMINATION IN<br>EMPLOYMENT, AND RETALIATION, |

## COMPLAINT

### JURISDICTION AND VENUE

1. The Court has federal question jurisdiction pursuant to *42 U.S.C. § 2000e* 5(f)(3) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the pendent state law claims pursuant to *28 U.S.C. § 1367*.

2. Plaintiff exhausted his administrative remedies through a dual filing with the Equal Employment Opportunity Commission (EEOC).

3. In those administrative proceedings, plaintiff raised the Title VII race discrimination claims she now raises in this complaint.

4. Plaintiff initially filed this civil action on, within 90 days of when he received a right to sue letter from the EEOC.

5. Venue is proper in this District under *28 U.S.C. § 1391(b)(2), (3)*. Plaintiff was employed by Defendant in this District and Defendant's conduct occurred in this District.

### PARTIES

6. Plaintiff is an individual of African American descent who is a resident of Houston Texas.

7. Defendant is a Corporation with its primary place of business at United Airlines, Inc.
233 S Wacker Drive Chicago, IL 60606

### FACTUAL ALLEGATIONS

8. Plaintiff was hired by Defendant in November 1997 to work as an Airport Sales Agent

9. Plaintiff expressed concerns to Defendant regarding sitting in a chair while working, while other male latina and male white coworker sat in same chair while working.

10. Plaintiff was asked to perform other job function that requires standing using a handheld device

11. Defendant fabricated story.

12. Defendant terminated Plaintiff's employment on 12-14-2015.

### FIRST CLAIM FOR RELIEF

(Discrimination on Basis of Race in Violation

of *42 U.S.C. § 2000e, et seq.*: Disparate Treatment)

13. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 12 above.

14. Plaintiff is a member of a protected class.

15. Plaintiff was treated differently than individuals not in her protected class in that she was retaliated against and threatened for engaging in the same behavior as similar coworkers, and her employment was terminated, despite her work performance being well.

16. Plaintiff's race was the sole or motivating factor in Defendant's decision to terminate Plaintiff's employment.

17. Defendant's unlawful acts have caused Plaintiff economic damages in the form of lost income, benefits, and consequential damages in an amount to be proved at trial, but which Plaintiff estimates to be not less than $ 100,000.

18. Defendant's unlawful acts have caused Plaintiff noneconomic damages in the form of emotional distress, in an amount to be proved at trial, but which Plaintiff estimates to be not less than $ 250,000.

19. Pursuant to *42 U.S.C. § 2000e* 5(k), Plaintiff is entitled to his costs, disbursements, and reasonable attorney's fees incurred.

## SECOND CLAIM FOR RELIEF

### (Discrimination on Basis of Race in Violation of *42 U.S.C. § 1981*)

20. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 10 above.

21. Defendant discriminated against Plaintiff on the basis of her race by subjecting her to disparate treatment in the terms, privileges, and conditions of his employment in violation of *42 U.S.C. § 1981*.

22. Defendant's unlawful acts have caused Plaintiff economic damages in the form of lost income, benefits, and consequential damages in an amount to be proved at trial, but which Plaintiff estimates to be not less than $ 100,000.

23. Defendant's unlawful acts have caused Plaintiff noneconomic damages in the form of emotional distress, in an amount to be proved at trial, but which Plaintiff estimates to be not less than $ 250,000.

24. Pursuant to *42 U.S.C. § 1988*, Plaintiff is entitled to his costs, disbursements, and reasonable attorney's fees incurred.

## PRAYER FOR RELIEF

Plaintiff prays that this Court provide trial by jury and a judgment providing the following relief:

A. Awarding Plaintiff economic damages, in an amount to be determined at trial, but presently estimated at not less than $200,000;

B. Awarding Plaintiff noneconomic damages, in an amount to be determined at trial, but presently estimated at not less than $ 500,000;

C. Awarding Plaintiff reasonable attorney's fees, disbursements, costs, and pre and post judgment interest.

D. Awarding Plaintiff unpaid wages and statutory penalties in the amount of $ 100,000.

E. Granting all other relief that the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to *Fed. R. Civ. P. 38*, Plaintiff demands trial by jury in this action on all issues triable by a jury.

Dated: _____MAY 15 2018_____

P.O. Box 3503
Humble, Texas 77347
832.588.7432.
pLucy20092@yahoo.com.

*[signature]*

Quintina Richardson