IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 02 2019

David J. Bradley, Clerk of Court

QUINTINA RICHARDSON

*Plaintiff,*

Civil Action No.4:18-cv-01707

vs.

UNITED AIRLINES, INC.

*Defendant,*

**JURY DEMANDED**

---

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS DISCOVERY AND SANCTIONS**

Quintina A. Richardson , ("Plaintiff"), will and hereby do move this Court for an

Order compelling United Airlines, Inc. ("Defendant")to respond and produce

documents pursuant to Plaintiff's Request for Production of Documents, Set Nos.

56 through Set Nos. 95, 102, 104 through Set Nos.185, and  Request for

Production of Documents ,Set Nos.187,189,191,193,194,195,197,199,201 through

Set Nos.208,and Request for Production of  Documents ,Set Nos. 210 through Set

No.305. ( Hereinafter "Plaintiffs Discovery".

This Motion is made pursuant to FRCP §§192.1, 192.3, 192.4, 192.5 and 192.6 ,

Rule 195,  Rule 196.7, and Rule 197 on the grounds that:

1. The information sought by Plaintiff's Discovery is material and relevant to

   the issues herein,  is reasonably calculated to lead to the discovery of

evidence, and is related to discoverable, non-privileged matters;

2. Defendant has failed to provide an acceptable response and production of any and all DOCUMENTS (As defined by Plaintiff's Discovery, attached Exhibits 1 and 2 respectively, to the Personnel Files including all investigations, mediations, grievances, write-ups, EAP files, suspensions, firings of Alexa Hernandez, Mark Gruver, Andy Jamison, Brent Cancienne, Kathy Page, Trozie Jordan, Tony Patterson, Jennifer Romeo, Mark Vicary, David Brackett, Richard Pinto, Manny Gillium, Robin Findlay in response to Plaintiff's Discovery by failing to provide all information related to all incidents involving Plaintiff, incidents where Plaintiff was hit by UA Ellen Johnson and falsely accused of causing a confrontation and other allegations regarding Ms. Johnson , UA Yahyah Muldrow and passenger in terminal C, investigations and any CCTV of UA Germaine Archer, Debbie-Fujan-Pinney, and Rob Reuer breaching National TSA security, investigation and CCTV of Brent Cancienne as lead investigator with Ellen Johnson hitting Richardson, investigation , mediation and CCTV video/audio of City of Houston supervisors falsely accusing Plaintiff of piggybacking at terminal C, investigation of Alexa Hernandez, Mark Gruver, Brent Cancienne, Andy Jamison falsely accusing Ms Richardson of refusing a directive from her direct supervisor to move from a seat to

2

another area in her bidded and scheduled work area, UA Hector Diaz

electronic personnel files including all suspensions, investigations, write-

ups, grievances and EAP files, Yahyah Muldrow electronic personnel files

including all suspensions, investigations, write-ups, grievances and EAP

files, Sergio Garcia's electronic personnel files including all suspensions,

investigations, write-ups, grievances, Gabriel Hernandez's electronic

personnel files including all suspensions, investigations, write-ups EAP

files, grievances, all complaints made from Plaintiff and other UA

employees regarding these UA managers, all grievances filed with IAM

union and EIT representatives by Plaintiff and other UA employees and all

suspensions with Plaintiff and other UA employees regarding any and all

complaints of discrimination, bullying, harassment, retaliation, and hostile

working environment involving these managers with Plaintiff and other UA

employees, and all Plaintiff's EAP files. Plaintiff have made several

attempts on multiple occasions with Defendant to resolve this matter and

those methods has failed.

3. More than thirty days has passed since the Discovery Request were served

   on Defendant and United Airlines has failed to produce the documents.

   This Motion is made based upon this , Memorandum of Points and

Authorities, and all pleadings, papers, and records on file herein and upon any

and all other oral and documentary evidence as may be presented at the hearing

of this Motion.

/s/:Quintina A. Richardson
Quintina A. Richardson
PRO SE


CERTIFICATE OF SERVICE

I certify that said document was filed at US Federal Courthouse with Court
Clerks' office August 2, 2019 and sent via U. S postal service certified mail
with return receipt.


/s/:Quintina A. Richardson
Quintina A. Richardson
PRO SE

 Gmail

Quinn Rich <justice4quinn@gmail.com>

---

## Trozie Jordan's confirmed Deposition Today Tuesday July 23, 2019

6 messages

---

**Quinn Rich** <justice4quinn@gmail.com>                                      Tue, Jul 23, 2019 at 9:20 AM
To: Amit Misra <amit@misralegal.com>

Due to your hostility and aggression as well as you kicking me and Mrs. Mye Allen (court official) out of your office during the deposition of Mr. Richard Pinto on July 19, 2019, therefore, preventing me from deposing Trozie Jordan as confirmed for today July 23, 2019 along with further depositions for Andy Jamison ,Brent Cancienne and Richard Pinto. I commissioned help from the court as to proceed.

Regards,

Ms. Richardson

---

**Amit Misra** <amit@misralegal.com>                                          Tue, Jul 23, 2019 at 9:39 AM
To: Quinn Rich <justice4quinn@gmail.com>

Ms. Richardson:


I suspended Rich Pinto's deposition due to your false, bad faith allegation of witness coaching. You made a similar false, bad faith allegation during Kathy Page's deposition. I informed you that we could not proceed with depositions as long as you continued to make false, bad faith allegations of witness coaching. You insisted on continuing your false, bad faith allegations.


I also previously informed you that we would not produce Trozie Jordan unless you had a Rule 28 officer available at Trozie's location in New Jersey. You insisted that you did not have to have a Rule 28 officer in New Jersey.


On both these issues, I have already filed two motions for protective order with the Court which are being served on you via certified mail.


Regards.

Amit


Amit K. Misra, Esq., P.C.

Board Certified

Labor and Employment Law






**BOARD CERTIFIED®**
Texas Board of Legal Specialization

**LABOR AND EMPLOYMENT LAW**

The Misra Legal Group

639 Heights Boulevard

Houston, Texas 77007

832-723-4776 tel

832-476-9656 fax

amit@misralegal.com

www.misralegal.com

[Quoted text hidden]

---

**Quinn Rich** <justice4quinn@gmail.com>                                  Tue, Jul 23, 2019 at 12:32 PM
To: Amit Misra <amit@misralegal.com>

I watched you coaching and leading your clients Richard Pinto, Kathy Page, Mark Gruver and Alexa Hernandez in bad faith by shaking your head back and forth, nodding your head up and down, even extending your arm and hands out to stop the witness from speaking, interrupted their depositions with your unnecessary breaks to confer with your clients in which you conferred several times with Alexa Hernandez, Mark Gruver and Kathy Page pending my posing questions. I conferred with you in your office about this matter after your coaching and leading Alexa Hernandez and Mark Gruver in their depositions and I also objected to your misconduct on record. I asked you repeatedly to stop with your coaching and leading the witnesses however you continued and ignored my request. In bad faith you continued your misconduct with the same coaching and leading the witness during Richard Pinto's deposition preventing me from continuing. In a fit of rage, aggression, hostility and intimidation, you and your colleagues demanded me and Mye Allen (court official) to get out of your office. You also threatened that I will not disrespect your integrity as an attorney as you slammed your hand on the table pushing your computer and chair back futhermore, saying I am a pro se litigant who has no idea of what she is doing .You advised me that if I had any problems with your conduct, I could take it up with the judge. I did just that as I mentioned earlier in my email.

As for Trozie Jordan's scheduled and confirmed deposition for today Tuesday July 23, 2019, I emailed you on July 17, 2019 stated FRCP does not mandate for a court reporter or official to be on the other side with a deponent. I also conferred with you on July 19, 2019 in your office before Richard Pinto's deposition and informed you that I called the Court and was informed that the Court does not mandate for a court reporter or official to be in the same state as Mr. Trozie when conducting a deposition if court reporter or official is present with the person administering the deposition. In an email sent July 17, 2019, you insisted that United Airlines will not produce this witness unless I have a court reporter (which you stated i need to provide and pay for)  present at Trozie Jordan's end there in Newark or Pennsylvania as well as a court reporter or official here in Houston as I administer his deposition. I sent you an email on July 17, 2019 asking how we could get Skype for Trozie Jordan's deposition there in Newark or Pennsylvania. You responded in email on July 17, 2019 that you were trying to confirm Skype and a webcam setup for Trozie there on his end in Newark or Pennsylvania.  I also informed you  that the Courts stated the use of Skype or cellphones is also permitted during an oral deposition. I told you that United Airlines agents fly free what seems to be the problem. You still insisted on United Airlines will not produce Trozie Jordan for his confirmed and scheduled deposition for today Tuesday July 23, 2019. In Rule 28, there's nothing that states court reporter or official has to be there with the out of state deponent and here with the person who is administrating the depositions when it pertains to deposing an out of state deponent. The Court also confirms this.

I am still waiting for the requested documents Kathy Page said she would provide from United Airlines corporate Security regarding November 3 and 4, 2015, the daily work scheduled of these managers, daily schedules of the areas they

worked including employees work schedules,etc as well as the electronic p-files(personnel) for as follows:
- Alexa Hernandez
- Mark Gruver
- Andy Jamison
- Brent Cancienne
- Trozie Jordan
- Kathy Page
- Mark Vicary
- David Bracket
- Robin Findlay
- Jennifer Romeo
- Tonya Patterson
- Richard Pinto

Regards,
Ms. Richardson

**2 attachments**


image001.jpg
5K


image002.jpg
6K

---

**Amit Misra** <amit@misralegal.com>            Tue, Jul 23, 2019 at 1:23 PM
To: Quinn Rich <justice4quinn@gmail.com>

Ms. Richardson:

I will not respond to your false, bad faith allegations regarding my alleged witness coaching via email.

UA did not agree to produce any additional documents during Kathy Page's deposition. Your verbal request for additional documents during the deposition does not otherwise conform with Fed.R.Civ.P. 34.

As for the requested personnel files, as I have previously informed you, I have 30 days to respond to a request for documents under Fed.R.Civ.P. 34. I will respond to your previous requests for these personnel files, on June 28, July 11, and now July 23, on or before the appropriate deadline.

Regards,

Amit

Amit K. Misra, Esq., P.C.

Board Certified

Labor and Employment Law




Texas Board of Legal Specialization

LABOR AND EMPLOYMENT LAW

The Misra Legal Group

639 Heights Boulevard

Houston, Texas 77007

832-723-4776 tel

832-476-9656 fax

amit@misralegal.com

www.misralegal.com

**From:** Quinn Rich <justice4quinn@gmail.com>
**Sent:** Tuesday, July 23, 2019 12:33 PM
**To:** Amit Misra <amit@misralegal.com>

[Quoted text hidden]

[Quoted text hidden]

---

Quinn Rich <justice4quinn@gmail.com>                        Tue, Jul 23, 2019 at 2:33 PM
To: Amit Misra <amit@misralegal.com>

Mr. Misra:

I watched your coaching and leading the witnesses in bad faith so it was not a false allegation. I even tried in good faith to resolve it by asking you repeatedly to stop with your misconduct.

UA's HR manager Kathy Page did agree to provide the documents requested for November 3 and 4, 2019 at her deposition on July 16, 2019. I also followed up with an email sent to you on July 17, 2019 regarding these requested documents from Kathy Page and Corporate Security.

Regards,

Ms. Richardson

[Quoted text hidden]

---

**Amit Misra** <amit@misralegal.com>                                    Tue, Jul 23, 2019 at 4:42 PM
To: Quinn Rich <justice4quinn@gmail.com>


Ms. Richardson:


As I have already informed you –


   1. I will not respond to your false, bad faith allegations regarding my alleged witness coaching via email.


   2. UA did not agree to produce any additional documents during Kathy Page's deposition. Your verbal request for additional
      documents during the deposition does not otherwise conform with Fed.R.Civ.P. 34.


Regards,

[Quoted text hidden]

 Gmail

Quinn Rich <justice4quinn@gmail.com>

---

## Richard Pinto's deposition

2 messages

---

**Quinn Rich** <justice4quinn@gmail.com>                                          Wed, Jul 17, 2019 at 2:26 PM
To: Amit Misra <amit@misralegal.com>

Can you please have Mr. Richard Pinto bring to his deposition on Friday July 19, 2019 the following requested documents?

1.Richard Pinto's daily work schedule and work location for:
* November 3, 2015 and November 4, 2015.
* August 3, 2015
* December 9, 2015
* December 14, 2015
* January 19, 2016
* March 23, 2016

2. daily work schedule and work location for all supervisors and all Assistant Directors for:
* November 3, 2015 and November 4, 2015
* August 3, 2015
* December 9, 2015
* December 14, 2015
* January 19, 2016
* March 23, 2016

3. Daily work schedules and work location for all agents
* November 3, 2015 and November 4, 2015
* August 3, 2015
* December 9, 2015
* December 14, 2015
* January 19, 2016
* March 23, 2016

4. Daily work schedules for all agents at Terminal B South Service Center for:
* August 3, 2015
* November 3, 2015 and November 4, 2015
* December 9, 2015
* December 14, 2015
* January 19, 2016
* March 23, 2016

5. Copies of the report where HPD officers were called/dispatched to Terminal B South Service Center on the dates as followed for a passenger:
* November 3, 2015 and November 4, 2015.
These are the records Kathy Page agreed to provide from UA Corporate Security.

Also if you can please advise Trozie Jordan, Andy Jamison and Brent Cancienne to bring same documents for same dates to their depositions.

Regards,
Ms. Richardson

---

**Amit Misra** <amit@misralegal.com>                                          Wed, Jul 17, 2019 at 4:49 PM
To: Quinn Rich <justice4quinn@gmail.com>

Ms. Richardson:

See FRCP 30(b)(2).

We will not produce the requested documents since you are not providing these witnesses with timely notice.

Regards,

Amit

Amit K. Misra, Esq., P.C.

Board Certified

Labor and Employment Law





The Misra Legal Group

639 Heights Boulevard

Houston, Texas 77007

832-723-4776 tel

832-476-9656 fax

amit@misralegal.com

www.misralegal.com

[Quoted text hidden]

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Ellen Johnson is a defendant in this matter.

Subject to this objection and without waiver, Defendant denies that, in its investigation into the incident involving Plaintiff and Ellen Johnson, it concluded that Ellen Johnson hit or push Plaintiff.

**REQUEST NO. 56.**

Admit that Plaintiff called Defendant Managers for assistance with Ellen Johnson hitting/pushing her at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that these unidentified individual managers are defendants in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 57.**

Admit that Defendant UA Supervisor Alexa Hernandez never gave Plaintiff a Direct Order on December 14, 2015 to move from any seat and or position area in Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Alexa Hernandez is a defendant in this matter.

Subject to this objection and without waiver, Defendant admits only that Alexa Hernandez did not give Plaintiff any direct order on December 14, 2015.

**REQUEST NO. 58.**

Admit that Defendant UA Supervisors Alexa Hernandez and UA Mark Gruver deliberately pushed chairs away from operable/functioning computer stations at Terminal B South Service Center on December 14, 2015 to prevent Plaintiff from working.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Alexa Hernandez and Mark Gruver are defendants in this matter.

Subject to this objection and without waiver, Defendant denies that its supervisors took any action to prevent Plaintiff from working.

## REQUEST NO. 59.

Admit that UA Supervisors deliberately pushed chairs away from seat and positions at Terminal B South Service Center on December 14, 2015.

RESPONSE:

Defendant admits only that, in an effort to encourage its customer service representatives to use the forward-facing workstations as part of its Open Service Center policy, its supervisors removed chairs from the side-facing workstations.

## REQUEST NO. 60.

Admit that on December 14, 2015 there were chairs pushed on the wall away from operable and functioning computer work stations at Terminal B South Service Center.

RESPONSE:

Defendant admits only that, in an effort to encourage its customer service representatives to use the forward-facing workstations as part of its Open Service Center policy, its supervisors removed chairs from the side-facing workstations.

## REQUEST NO. 61.

Admit that Defendant Supervisors Alexa Hernandez and UA Mark Gruver said Plaintiff could sit in seating area on the side next to Pei Wei restaurant during IRREGULAR OPERATIONS.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Alexa Hernandez and Mark Gruver are defendants in this matter.

Subject to this objection and without waiver, Defendant denies this statement.

## REQUEST NO. 62.

Admit that Defendant Managers said UA CSR's could sit in seating area next to Pei Wei restaurant during IRREGULAR OPERATIONS.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 63.**

Admit that on December 14, 2015 that there was IRREGULAR OPERATIONS at Terminal B South Service Center.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 64.**

Admit that on December 14, 2015 that there were an influx of passengers coming out of the QUE line into the adjacent hallway at Terminal B South Service Center.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 65.**

Admit that on December 14, 2015 that the overhead train from Terminal A to Terminal E malfunctioned.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 66.**

Admit that on December 14, 2015 that the overhead train from Terminal A to Terminal E got stuck on train track causing passengers to miss flights.

RESPONSE:

Defendant objects to this Request because it is cumulative, seeking the same information sought in Request No.65.

**REQUEST NO. 67.**

Admit that on December 14, 2015 that the overhead train from Terminal A to Terminal E got stuck on train track causing UA employees to be late to work area.

RESPONSE:

Defendant objects to this Request because it is cumulative, seeking the same information sought in Request Nos.65 and 66.

**REQUEST NO. 68.**

Admit that on December 14, 2015 that the overhead train that runs from Terminal A to Terminal E got stuck on tracks.

RESPONSE:

Defendant objects to this Request because it is cumulative, seeking the same information sought in Request Nos.65, 66, and 67.

**REQUEST NO. 69.**

Admit that on December 14, 2015 that there was IRREGULAR OPERATIONS at Terminal B South Service Center due to misconnection of passengers.

RESPONSE:

Defendant objects to this Request because it is cumulative, seeking the same information sought in Request No.63.

**REQUEST NO. 70.**

Admit that Defendant UA Supervisor Richard Pinto called Plaintiff a "black spot".

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Richard Pinto is a defendant in this matter. Defendant also objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 71.**

Admit that on December 14, 2015 that there was IRREGULAR OPERATIONS at IAH due to cancellation of flights.

RESPONSE:

Defendant objects to this Request because it is cumulative, seeking the same information sought in Request Nos.63 and 69.

**REQUEST NO. 72.**

Admit that Defendant Manager Marc Gruver was not assigned to Terminal B South Service Center on December 14, 2015.

Speaking About Marc Gruver ( Defendant says Pinto

19

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Richard Pinto is a defendant in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 73.**

Admit that on December 14, 2015 that there was IRREGULAR OPERATIONS at Concourse B.

RESPONSE:

Defendant objects to this Request because it is cumulative, seeking the same information sought in Request Nos.63, 69, and 71.

**REQUEST NO. 74.**

Admit that on December 14, 2015 that there was IRREGULAR OPERATIONS at UNITED AIRLINES.

RESPONSE:

Defendant objects to this Request because it is cumulative, seeking the same information sought in Request Nos.63, 69, and 71. Defendant also objects to this Request because it seeks information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 75.**

Admit that Defendant has policy to protect UA customers with accurate information during IRREGULAR OPERATIONS.

RESPONSE:

Defendant objects to this Request because it seeks information which is not relevant to the claim or defense of any party.

**REQUEST NO. 76.**

Admit that Defendant UA Supervisor Alexa Hernandez had a UA passenger arrested on November 4, 2015 at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Alexa Hernandez is a defendant in this matter.

**REQUEST NO. 77.**

Admit that Defendant UA Supervisor Manual Guillan also assisted in having UA passenger arrested on November 4, 2015 at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Manual Guillan is a defendant in this matter.

**REQUEST NO. 78.**

Admit that Defendant latino male TL also assisted in having a UA passenger arrested on November 4, 2015 at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that an unidentified Latino male is a defendant in this matter.

**REQUEST NO. 79.**

Admit that Defendant hold in possession of video UA passenger being arrested on November 4, 2015 at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 80.**

Admit that UA passenger that Defendant Managers had arrested on November 4, 2015 at Terminal B South Service Center was listed as a wheelchair passenger.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 81.**

Admit that UA passenger that Defendant Managers had arrested on November 4, 2015 Plaintiff was assisting him at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 82.**

Admit that UA passenger that Defendant Manager had arrested on November 4, 2015 at Terminal B South Service Center was listed as a deaf passenger.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that an unidentified manager is a defendant in this matter.

**REQUEST NO. 83.**

Admit that HPD officers entered Terminal B South Service Center on November 4, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 84.**

Admit that HPD officers arrested UA passenger on November 4, 2015 at Terminal B Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 85.**

Admit that Defendant's Managers called UA passenger that was arrested at Terminal B South Service Center on November 4, 2015, a derogatory name.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 86.**

Admit that UA passenger that was arrested on November 4, 2015 at Terminal B South Service Center was sitting in a wheelchair.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 87.**

Admit that UA passenger that was arrested on November 4, 2015 at Terminal B South Service Center misconnected his flight.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 88.**

Admit that other UA CSR agents assisted Plaintiff at Terminal B South Service Center in helping UA passenger that was arrested on November 4, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 89.**

Admit that UA passenger that was arrested on November 4, 2015 at Terminal B South Service Center held a confirmed paid ticket with Defendant.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 90.**

Admit that UA passenger that was arrested on November 4, 2015 held a confirmed seat on Defendants aircraft.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 91.**

Admit that UA passenger at Terminal B South Service Center on November 4, 2015 was arrested for trespassing.·

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 92.**

Admit that Defendant Managers called Houston Airport Systems to have UA passenger arrested at Terminal B South Service Center on November 4, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 93.**

Admit that Defendant Managers called HPD to have UA passenger arrested at Terminal B South Service Center on November 4, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 94.**

Admit that Defendant Managers called Houston Airport Systems for a disturbance at Terminal B South Service Center on November 4, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 95.**

Admit that Defendant Managers called HPD for a disturbance at Terminal B South Service Center on November 4, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 96.**

Admit that Defendant Managers falsely used Plaintiff as the person responsible for calling HPD to report a disturbance at Terminal B South Service Center on November 4, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 97.**

Admit that Defendant Managers falsely used Plaintiff as the person responsible for calling Houston Airport Systems to report a disturbance at Terminal B South Service Center on November 4, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter. Defendant also objects to this Request because it is cumulative, seeking the same information sought in Request No.96.

**REQUEST NO. 98.**

Admit that Plaintiff did not utilize Defendant's work phones to call any member of UA Management to report a disturbance with arrested UA passenger at Terminal B South Service Center on November 4, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 99.**

Admit that Plaintiff did not call Houston Airport Systems to report any disturbance with a male UA passenger on November 4, 2015 at Terminal B Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 100.**

Admit that Plaintiff did not call HPD to report any disturbance with a male UA passenger on November 4, 2015 at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 101.**

Admit that Defendant Managers refused to give Plaintiff overtime pay on November 4, 2015 for assisting disabled passenger at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 102.**

Admit that Defendant Managers gave other CSR agents overtime on November 4, 2015 working at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 103.**

Admit that UA disabled passenger who was arrested on November 4, 2015 at Terminal B South Service Center was very sick.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 104.**

Admit that Plaintiff was on the phone with other airline rebooking UA disabled passenger on another airline when HPD arrived on November 4, 2015 at Terminal B South Service Center to arrest UA passenger.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 105.**

Admit that Plaintiff asked Defendant Managers to write up a CRO report for mishandled disabled UA passenger who was arrested on November 4, 2015 at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 106.**

Admit that Defendant has policy with the handling of wheelchair and or disabled UA passengers.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 107.**

Admit that Defendant's passenger who was arrested on November 4, 2015 at Terminal B South Service Center did not cause a disturbance with Plaintiff.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 108.**

Admit that Defendant's passenger who was arrested on November 4, 2015 at Terminal B South Service Center did nothing wrong.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 109.**

Admit that throughout Plaintiffs entire employment at United Airlines (formerly Continental Airlines), Plaintiff received many Customer Achievement Awards for Excellent Customer Service.

RESPONSE:

Defendant admits only that it received correspondence from customers from time to time complimenting Plaintiff and that it acknowledged these compliments.

**REQUEST NO. 110.**

Admit that Defendant UA Supervisor Alexa Hernandez issued Plaintiff a United 100 letter for being Customer friendly.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Alexa Hernandez is a defendant in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 111.**

Admit that Defendant UA Supervisor Alexa Hernandez issued Plaintiff a United 100 letter for going over and beyond for UA Passenger Safety.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Alexa Hernandez is a defendant in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 112.**

Admit that Defendant UA (formerly Continental Airlines) white Supervisor Germaine Archer, one of the supervisors who gave Plaintiff a Direct Order to breach National TSA Security, did not receive any disciplinary action for her participation by Defendant.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Germaine Archer is a defendant in this matter.

**REQUEST NO. 113.**

Admit that Defendant UA (formerly Continental Airlines) three white Supervisors who gave Plaintiff Direct Order to breach National TSA Security were not suspended for their actions by Defendant.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that three unidentified white supervisors are defendants in this matter.

**REQUEST NO. 114.**

Admit that Defendant UA (formerly Continental Airlines) white Supervisor Germaine Archer, one of the supervisors who gave Plaintiff a Direct Order to breach National TSA Security was not terminated by Defendant.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Germaine Archer is a defendant in this matter.

**REQUEST NO. 115.**

Admit that Defendant UA (formerly Continental Airlines) white Supervisor Germaine Archer, one of the supervisors who gave Plaintiff a Direct Order to breach National TSA Security retired from UA (formerly Continental Airlines).

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Germaine Archer is a defendant in this matter.

**REQUEST NO. 116.**

Admit that Defendant UA (formerly Continental Airlines) white Supervisor Germaine Archer one of the Supervisors who gave Plaintiff a Direct Order to breach national TSA Security worked in very close liaison with UA as a lost and found Office Manager for Houston Airport System.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Germaine Archer is a defendant in this matter.

**REQUEST NO. 117.**

Admit that Defendant UA (formerly Continental Airlines) white Supervisor Debbie Fujan-Pinney, one of the supervisors who gave Plaintiff a Direct Order to breach National TSA Security did not receive any disciplinary action for her involvement by Defendant.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Debbie Fujan-Pinney is a defendant in this matter.

**REQUEST NO. 118.**

Admit that Defendant UA (formerly Continental Airlines) white Supervisor Debbie Fujan-Pinney, one of the supervisors who gave Plaintiff a Direct Order to breach National TSA Security was not terminated by Defendant.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Debbie Fujan-Pinney is a defendant in this matter.

**REQUEST NO. 119.**

Admit that Defendant UA (formerly Continental Airlines) white Supervisor Debbie Fujan-Pinney, one of the supervisors who gave Plaintiff a Direct Order to breach National TSA Security, retired from UA (formerly Continental Airlines).

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Debbie Fujan-Pinney is a defendant in this matter.

**REQUEST NO. 120.**

Admit that Defendant UA (formerly Continental Airlines) white Supervisor Rob Reuer, one of the supervisors who gave Plaintiff a Direct Order to breach National TSA Security, transferred to another station.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Rob Reuer is a defendant in this matter.

**REQUEST NO. 121.**

Admit that Defendant UA (formerly Continental Airlines) white Supervisor Rob Reuer, one of the supervisors who gave Plaintiff a Direct Order to breach National TSA Security, was not terminated by Defendant.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Rob Reuer is a defendant in this matter.

**REQUEST NO. 122.**

Admit that Defendant UA (formerly Continental Airlines} white Supervisor Germaine Archer, one of supervisors who gave Plaintiff a Direct Order to breach National TSA Security has flight privileges that she and family can utilize.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Germaine Archer is a defendant in this matter.

**REQUEST NO. 123.**

Admit that Defendant UA (formerly Continental Airlines) white Supervisor Debbie-Fujuan Pinney, one of the supervisors who gave Plaintiff a Direct Order to breach National TSA Security has flight privileges that she and family can utilize.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Debbie Fujan-Pinney is a defendant in this matter.

**REQUEST NO. 124.**

Admit that Defendant UA (formerly Continental Airlines white Supervisor Rob Reuer , one of the supervisors who gave Plaintiff a Direct Order to breach National TSA Security has flight privileges that he and family can utilize.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Rob Reuer is a defendant in this matter.

**REQUEST NO. 125.**

Admit that Defendant UA (formerly Continental Airlines) white Supervisor Rob Reuer, one of the supervisors who gave Plaintiff a Direct Order to breach National TSA Security did not receive any disciplinary action by Defendant for his involvement.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Rob Reuer is a defendant in this matter.

**REQUEST NO. 126.**

Admit that Plaintiff informed Supervisor Wanda Belt of Defendant's (formerly Continental Airlines) white Supervisors giving Plaintiff a Direct Order to breach National TSA Security at Terminal B Baggage Claim.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 127.**

Admit that meeting was held at IAH with Plaintiff and Defendant UA (formerly Continental Airlines) Assistant Manager Carol Reese and other Managers regarding Direct Order given to Plaintiff by white supervisors to breach National TSA Security.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Carol Reese is a defendant in this matter.

**REQUEST NO. 128.**

Admit that Plaintiff was held out of service by Defendant UA (formerly Continental Airlines) Assistant Director Carol Reese and other Managers to investigate white Supervisors giving Plaintiff Direct Order to breach National TSA Security.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Carol Reese is a defendant in this matter.

**REQUEST NO. 129.**

Admit that Defendant has CCTV/video in possession of white Supervisor breaching National TSA security at Terminal B Baggage Claim.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 130.**

Admit that Defendant has CCTV/ video in possession of white Team Lead Ellen Johnson hitting/pushed Plaintiff at Terminal B South Service Center.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 131.**

Admit that Defendant has CCTV/video in possession of UA ramp agent hitting Plaintiff at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 132.**

Admit that Defendant did not investigate UA Ramp Agent hitting Plaintiff while she was working at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 133.**

Admit that UA Customer Service Agent witnessed UA Ramp Agent hit Plaintiff while she was working at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 134.**

Admit that Defendant Managers received several calls by phone and radio from Plaintiff and coworker requesting help when UA Ramp Agent hit Plaintiff while she worked at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidenitified managers are defendants in this matter.

**REQUEST NO. 135.**

Admit that Defendant avoided Plaintiff phone and radio calls for help when she was hit by UA Ramp Agent while she was assisting him at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 136.**

Admit that Defendant Managers did not answer Plaintiffs phone and radio calls for help when Ramp Agent hit her at Terminal B South Service Center while she assisted him.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 137.**

Admit that Plaintiff went to UA Supervisors office to seek help after being hit by UA Ramp Agent while assisting him at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 138.**

Admit that Defendant's CSR agent called UA Managers on phone and radio for assistance when Ramp agent hit Plaintiff while she was assisting him at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 139.**

Admit that Defendant's Manager Richard Pinto witnessed the UA Ramp agent who hit Plaintiff at the Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 140.**

Admit that Defendant did not conduct a formal investigation when UA Ramp Agent hit Plaintiff at Terminal B South Service Center equal to Investigation given when white Customer Service Team Lead hit Plaintiff while she was working.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 141.**

Admit that UA customer hit Plaintiff at Terminal C Baggage Square Area.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 142.**

Admit that Plaintiff reported UA customer hitting Plaintiff at the Terminal C Baggage Square Area to Defendant Supervisor Gwen Taylor.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Gwen Taylor is a defendant in this matter.

**REQUEST NO. 143.**

Admit that Defendant did not conduct a formal investigation when UA customer hit Plaintiff at Terminal C Baggage Square Area.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 144.**

Admit that Defendant Managers and Supervisors refused to help Plaintiff when UA customer hit Plaintiff at Terminal C Baggage Square Area.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers and supervisors are defendants in this matter.

**REQUEST NO. 145.**

Admit that Defendant used stanchions (crowd control posts and barriers) at Terminal C Baggage Square Area.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 146.**

Admit that Defendant used stanchions (crowd control posts and barriers) at Terminal C Baggage Square Area to separate UA customers and bags.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 147.**

Admit that the Open Service Center Concept at Terminal B South Service Center was only temporary.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 148.**

Admit that Defendant AD Brent Cancienne was not scheduled to manage Terminal B South Service Center on December 14, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit. Defendant also objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

**REQUEST NO. 149.**

Admit that Defendant AD Brent Cancienne was not scheduled to manage Terminal B South Service Center on August 3, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit. Defendant also objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

**REQUEST NO. 150.**

Admit that Defendant AD Brent Cancienne was not scheduled to manage Terminal B on August 3, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit. Defendant also objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

**REQUEST NO. 151.**

Admit that Defendant AD Trozie Jordon was on duty to manage Terminal B on August 3, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit. Defendant also objects to this Request because it misleadingly implies that Trozie Jordan is a defendant in this matter.

**REQUEST NO. 152.**

Admit that Defendant AD Trozie Jordon was on duty to manage Terminal B South Service Center on August 3, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit. Defendant also objects to this Request because it misleadingly implies that Trozie Jordan is a defendant in this matter.

**REQUEST NO. 153.**

Admit that Defendant AD Brent Cancienne was not scheduled to manage Terminal B on December 14, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit. Defendant also objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

**REQUEST NO. 154.**

Admit that Defendant Brent Cancienne held another position for UA on December 14, 2015 and August 3, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested

places a burden on Defendant that outweighs its likely benefit. Defendant also objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

**REQUEST NO. 155.**

Admit that Defendant Brent Cancienne had not worked with Plaintiff since her shift bid in Terminal C Baggage.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit. Defendant also objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

**REQUEST NO. 156.**

Admit that UA Assistant Director Trozie Jordon AD was on duty for Terminal B on December 14, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit. Defendant also objects to this Request because it misleadingly implies that Trozie Jordan is a defendant in this matter.

**REQUEST NO. 157.**

Admit that Defendant Assistant Director Trozie Jordon was AD on duty for Terminal B South Service Center on December 14, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit. Defendant also objects to this Request because it misleadingly implies that Trozie Jordan is a defendant in this matter.

**REQUEST NO. 158.**

Admit that Defendant has policy and procedures for customers traveling with disabilities and special needs.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 159.**

Admit that UA Supervisors and Managers did not file a Customer Resolution Official (CRO) report for arrested disabled, sick, wheelchair misconnected UA passenger who was arrested at Terminal B South Service Center on November 4, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 160.**

Admit that UA Supervisors and Managers did not complete a Customer Resolution Official (CRO) report for disabled, sick, wheelchair misconnected UA passenger who was arrested at Terminal B South Service Center on November 4, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 161.**

Admit that Plaintiff reported HARASSMENT from white Supervisors/Managers during her employment with Defendant.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 162.**

Admit that Plaintiff reported RETALIATION from white Supervisors/Managers during her employment with Defendant.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 163.**

Admit that Plaintiff reported DISCRIMINATION from white Supervisors/Managers during her employment with Defendant.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 164.**

Admit that Plaintiff reported unfair treatment during her employment at UA.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 165.**

Admit that Plaintiff reported theft by UA (formerly Continental Airlines) employees during her employment at UA.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 166.**

Admit that Plaintiff did not request meeting with Defendant for clarification of Open Service Center Concept.

RESPONSE:

Defedant denies this statement.

**REQUEST NO. 167.**

Admit that Defendant held a survey on how to better assist customers at the Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 168.**

Admit that Defendant held a survey on which location at Terminal B South Service Center can UA CSR agent best be seen by UA customer.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 169.**

Admit that Defendant held a survey to better assist customers

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 170.**

Admit that Plaintiff used IRROPS Iphone handheld device at Terminal B South Service Center on December 14, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 171.**

Admit that Plaintiff used her UA employee sine to log in IRROPS Iphone handheld device at Terminal B South Service Center on December 14, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 172.**

Admit that Plaintiff used her UA employee sine to log in UROC at Terminal B South Service Center on December 14, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 173.**

Admit that Defendant Supervisor gave Plaintiff IRROPS Iphone handheld device to use at Terminal B South Service Center on December 14, 2015.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 174.**

Admit that Defendant required UA CSR's to check out IRROPS Iphone handheld device with his/her badge while working.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request

because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 175.**

Admit that Defendant required signature from UA CSR's when checking out IRROPS Iphone handheld device while working.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 176.**

Admit that Defendant required UA CSR's to be responsible for IRROPS Iphone handheld device while in his/her possession.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 177.**

Admit that Defendant had a rotation schedule for UA CSR's to use IRROPS Iphone handheld device on certain days at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 178.**

Admit that Defendant had a rotation schedule for UA CSR's to use IRROPS Iphone handheld device certain times at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 179.**

Admit that Defendant never spoke to Plaintiffs witnesses during her appeals regarding comparator UA CSR Sergio Garcia sitting in seat at Terminal B South Service Center.

RESPONSE:

Defendant denies that Plaintiff ever alleged Sergio Garcia to be a comparator during her labor grievance process.

**REQUEST NO. 180.**

Admit that Defendant was aware of other UA CSR agents sitting in same position at Terminal B South Service Center and refused to move.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 181.**

Admit that Union and Plaintiff presented written statements as evidence showing other UA CSA agents sitting in same position at Terminal B South Service Center to Defendant.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 182.**

Admit that Union and Plaintiff presented photos showing UA CSR agents sitting in same position at Terminal B South Service Center as evidence to Defendant.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 183.**

Admit that Defendant Managers INTIMIDATED Plaintiff in meeting on August 3, 2015.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 184.**

Admit that Plaintiff did not threaten white UA CSR Ellen Johnson.

RESPONSE:

Defenant denies this statement.

**REQUEST NO. 185.**

Admit that Defendant violated five of the seven WST CAUSES of the Union when terminated Plaintiff.

RESPONSE:

Defenant denies this statement.

**REQUEST NO. 186.**

Admit that Defendant has a Confidential Investigation policy.

RESPONSE:

Defendant admits that its policy, "Confidential Investigation and Corrective Action," produced as UA 00605, states that "We will handle all complaints in as confidential a manne as possible."

**REQUEST NO. 187.**

Admit that Defendant violated its own policy regarding Confidential Investigation.

RESPONSE:

Defenant denies this statement.

**REQUEST NO. 188.**

Admit that Defendant has a Harassment and Discrimination policy.

RESPONSE:

Defenant admits that it has a policy, "Promoting Dignity and Respect: Harassment and Discrimination Do Not Fly Here," produced as UA 00611.

48

**REQUEST NO. 189.**

Admit that Defendant violated its own policy of Harassment and Discrimination regarding Plaintiff.

RESPONSE:

Defenant denies this statement.

**REQUEST NO. 190.**

Admit that Defendant has a Reporting Offensive Workplace Behavior, Co-Worker's Responsibilities policy.

RESPONSE:

Defendant admits that it has a policy, "Reporting Offensive Workplace Behavior: Co-Workers' Responsibilities," produced as UA 00612.

**REQUEST NO. 191.**

Admit that Defendant violated its own policy Reporting Offensive Workplace Behavior regarding Plaintiff.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 192.**

Admit that Defendant has a Violence Free Workplace policy.

RESPONSE:

Defendant admits that it has a policy, "Violence Free Workplace," produced as UA 00614.

**REQUEST NO. 193.**

Admit that Defendant violated its own policy Violence Free Workplace regarding Plaintiff.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 194.**

Admit that Defendant has a Protection Against Retaliation policy.

49

RESPONSE:

Defenant admits that it has a policy, "Protection Against Retaliation," produced as UA 00612.

**REQUEST NO. 195.**

Admit that Defendant violated its own policy Protection Against Retaliation regarding Plaintiff.

RESPONSE:

Defenant denies this statement.

**REQUEST NO. 196.**

Admit that Defendant has an Emergency Time Off for a Death in the Family or a Critical Illness policy.

RESPONSE:

Defenant admits that it has a policy, "Emergency Time Off for a Death in the Family or Critical Illness," produced as UA 00615.

**REQUEST NO. 197.**

Admit that Defendant violated its own policy Emergency Time Off for a Death in the Family or Critical Illness policy regarding Plaintiff.

RESPONSE:

Defenant denies this statement.

**REQUEST NO. 198.**

Admit that Defendant's policy states when a relative other than an immediate family member dies, the coworker's Supervisor may approve up to a full day off with pay.

RESPONSE:

Defenant admits that its policy, "Emergency Time Off for a Death in the Family or Critical Illness," produced as UA 00615, states, "When a relative other than an immediate family member dies, the co-worker's supervisor may approve up to a full day off with pay."

**REQUEST NO. 199.**

Admit that Defendant Supervisor Mertilese denied Plaintiff of time off for Uncle's sudden death.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Supervisor Mertilese is a defendant in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 200.**

Admit that Defendant has a Performance Management policy.

RESPONSE:

Defenant admits that it has a policy, "Performance Management Process," produced as UA 00647-50.

**REQUEST NO. 201.**

Admit that Defendant's IAH Open Service Center Concept was only a testing phase.

RESPONSE:

Defenant denies this statement.

**REQUEST NO. 202.**

Admit that Defendant violated its own Performance Improvement policy regarding Plaintiff.

RESPONSE:

Defenant denies this statement.

**REQUEST NO. 203.**

Admit that Defendant Managers did not draft any individual goals for Plaintiff to meet Performance while working at Terminal B South Center.

RESPONSE:

Defendant objects to this Request because it seeks information which is not relevant to the claim or defense of any party.

**REQUEST NO. 204.**

Admit that Defendant did not address any such Performance Improvements with Plaintiff before termination.



RESPONSE:

Defendant objects to this Request because it seeks information which is not relevant to the claim or defense of any party.

**REQUEST NO. 205.**

Admit that Defendant did not utilize the Performance Improvement Process to address any concerns related to Plaintiff's performance and conduct before termination.

RESPONSE:

Defendant objects to this Request because it seeks information which is not relevant to the claim or defense of any party.

**REQUEST NO. 206.**

Admit that Defendant did not schedule any appointment with Plaintiff to discuss department goals for the year while working at UA.

RESPONSE:

Defendant objects to this Request because it seeks information which is not relevant to the claim or defense of any party.

**REQUEST NO. 207.**

Admit that Defendant did not schedule Plaintiff an appointment for planning meeting with UA Supervisors/Managers to finalize Performance goals prior to termination.

RESPONSE:

Defendant objects to this Request because it seeks information which is not relevant to the claim or defense of any party.

**REQUEST NO. 208.**

Admit that Defendant never scheduled a meeting to review progress report and rating results of Performance with Plaintiff before termination.

RESPONSE:

Defendant objects to this Request because it seeks information which is not relevant to the claim or defense of any party.

**REQUEST NO. 209.**

Admit Defendant has an Ethics and Compliance policy.

RESPONSE:

Defenant admits that it has a policy, "United's Ethics and Compliance Principles," produced as UA 00684-713.

**REQUEST NO. 210.**

Admit Plaintiff reached out to Defendant's Ethics and Compliance Office complaining HARASSMENT AND DISCRIMINATION she was receiving.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 211.**

Admit that Defendant never investigated promptly when Plaintiff reported DISCRIMINATION, HARASSMENT AND RETALIATION from UA Manager Brent Cancienne to HR.

RESPONSE:

Defendant denies that Plaintiff ever made a complaint regarding Brent Cancienne to its Human Resources Deparment.

**REQUEST NO. 212.**

Admit that Defendant never investigated when Plaintiff reported Discrimination, Harassment and Retaliation from UA Manager Brent Cancienne to HR.

RESPONSE:

Defendant objects to this Request because it is cumulative, seeking the same information sought in Request No.211.

**[At this point in the sequence of requests, Plaintiff reverts to No.134.]**

**REQUEST NO. 134.**

Admit that Defendant never responded to Plaintiff's emails when she reported Discrimination, Harassment and Retaliation from UA AD Brent Cancienne to HR.

RESPONSE:

Defendant denies that Plaintiff ever made a complaint regarding Brent Cancienne to its Human Resources Deparment requiring a response.



**REQUEST NO. 135.**

Admit that Defendant never included Plaintiff in any such investigation when she reported Discrimination, Harassment and Retaliation from UA AD Brent Cancienne to HR.

RESPONSE:

Defendant denies that Plaintiff ever made a complaint regarding Brent Cancienne to its Human Resources Deparment requiring an investigation.

**REQUEST NO. 136.**

Admit that Defendant allowed AD Brent Cancienne to conduct investigation when white UA CSR Ellen Johnson forcible hit/push Plaintiff.

RESPONSE:

Defendant admits only that Jennifer Romeo conducted the investigation into the incident involving Plaintiff and Ellen Johnson with assistance from Brent Cancienne.

**REQUEST NO. 137.**

Admit that Defendant allowed AD Brent Cancienne to lead the investigation of white CSR Ellen Johnson forcible hitting/pushing Plaintiff after Plaintiff complained of Discrimination, Harassment and Retaliation from Brent Cancienne to HR.

RESPONSE:

Defendant admits only that Jennifer Romeo conducted the investigation into the incident involving Plaintiff and Ellen Johnson with assistance from Brent Cancienne.

**REQUEST NO. 138.**

Admit that Defendant allowed AD Brent Cancienne to continue as Head Investigator during the investigation of white CSR Ellen Johnson forcible hitting/pushing Plaintiff even after Plaintiff complained of Discrimination, harassment and Retaliation from Brent Cancienne to HR.

RESPONSE:

Defendant objects to this Request because it is cumulative, seeking the same information sought in Request No.137.

**REQUEST NO. 139.**

Admit that Defendant Suspended Plaintiff for seven days without pay for an alleged piggyback at a door while Plaintiff was working.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 140.**

Admit that Defendant Manager and Plaintiff met with mediator regarding alleged piggyback at a door while Plaintiff was working.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that an unidentified manager is a defendant in this matter.

**REQUEST NO. 141.**

Admit that Defendant Manager and Plaintiff was required to watch video at City of Houston regarding Security and piggybacking at door before Plaintiff could receive badges.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that an unidentified manager is a defendant in this matter.

**REQUEST NO. 142.**

Admit that Plaintiff received a Notice of Violation from City of Houston while working.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 143.**

Admit that Defendant Managers took Plaintiffs badges when she was accused of piggybacking while working.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave

to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 144.**

Admit that Defendant would not allow Plaintiff to work with company badge outside of secured areas at IAH.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 145.**

Admit that Defendant allowed white CSR agents to work without badges outside of secured areas at IAH.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 146.**

Admit that Defendant allowed white CSR agents to work secured areas at the IAH.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 147.**

Admit that Defendant reported Harassment, Discrimination and Retaliation from City of Houston white male and latino agents to Defendant.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 148.**

Admit that other CSR agents reported white and latino City of Houston agents conduct and behavior towards them and other coworkers to Defendant.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 149.**

Admit that Defendant never conducted formal investigation of Plaintiffs allegations of Discrimination, Harassment and Retaliation from City of Houston white and latino agents.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 150.**

Admit that Defendant referred to Plaintiff as "aggressor" with other members of UA management.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 151.**

Admit that Defendant never told Plaintiff to cease and desist seating in a specific chair/position in the Terminal B South Service Center.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 152.**

Admit that Defendant never gave Plaintiff any such Direct Orders to cease and desist seating in a specific chair/position in the Terminal B South Service Center.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 153.**

Admit that Defendant IAH Open Service Center concept brochure does not mention assign seating for CSR agents at Terminal B South Service Center.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 154.**

Admit that Defendant's Terminal B South Service Center is located inside a room at the Terminal B Concourse.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 155.**

Admit that Plaintiff presented photographs of location and layout of Terminal B South Service Center to Defendant.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 156.**

Admit that Defendant awarded Plaintiff with many letters of commendation during her employment.

RESPONSE:

Defendant objects to this Request because it is cumulative, seeking the same information sought in Request No.109.

**REQUEST NO. 157.**

Admit that Defendant did not conduct an Official investigation when Plaintiff was called in office on December 14, 2015 as there were no statements.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 160.**

Admit that Plaintiff received unequal treatment from Defendant.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 161.**

Admit that Defendant called Plaintiff "militant".

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 162.**

Admit that Defendant refused to hear Plaintiffs side of story regarding alleged seating position at Terminal B South Service Center.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 163.**

Admit that Defendant did not allow Plaintiff to speak on her own behalf at appeal for reinstatement.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 164.**

Admit that Plaintiff did not initiate confrontation with Defendant CSR Ellen Johnson at Terminal B South Service Center.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 165.**

Admit that Plaintiff introduced herself to Defendant CSR Ellen Johnson at Terminal B South Service Center.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 166.**

Admit that Defendant did not see the need to contact HPD when UA customer hit/pushed Plaintiff at Terminal C Baggage Claim Onhand Square.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 167.**

Admit that Defendant did not try to assist Plaintiff when UA customer hit/pushed Plaintiff at Terminal C Baggage Claim Onhand Square.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 168.**

Admit that Defendant CSR agent Gary Westphal was asked by Plaintiff to contact HPD when UA customer hit/pushed Plaintiff at Terminal C Baggage Claim Onhand Square.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Gary Westphal is a defendant in this matter.

**REQUEST NO. 169.**

Admit that Defendant CSR agent Gary Westphal laughed at Plaintiff requested help when UA customer hit/pushed Plaintiff at Terminal C Baggage Claim Onhand Square.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave

to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Gary Westphal is a defendant in this matter.

**REQUEST NO. 170.**

Admit that Defendant CSR agent Gary Westphal remained sitting at computer desk when Plaintiff asked for help with incident UA customer hitting/pushing her.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Gary Westphal is a defendant in this matter.

**REQUEST NO. 171.**

Admit that Defendant never completed a PIRC Report when UA customer hit/push Plaintiff at Terminal C Baggage Claim Onhand Square.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 172.**

Admit that Defendant never gave Plaintiff a copy of any such PIRC Report when UA customer hit/pushed Plaintiff at Terminal C Baggage Claim Onhand Square.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 173.**

Admit that Defendant never conducted an Official Company Investigation when UA male customer hit/pushed Plaintiff at Terminal C Baggage Claim Onhand Square.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 174.**

Admit that Defendant did not get any written statements from other UA CSR agents at Terminal C Baggage Claim Onhand Square when UA male customer hit/pushed Plaintiff.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 175.**

Admit that Defendant's Manager witnessed UA customer's anger when Plaintiff reported UA customer hitting/pushing her.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 176.**

Admit that Defendant's Teamlead witnessed UA customer's anger when Plaintiff reported UA customer hitting/pushing her.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.


**[At this point in the sequence of requests, Plaintiff repeats No.176.]**


**REQUEST NO. 176.**

Admit that Defendant's Manager witnessed UA male customer aggressive behavior when Plaintiff reported UA male customer hitting/pushing her.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 177.**

Admit that Defendant's Teamlead witnessed UA male customer's aggressive behavior when Plaintiff reported UA male customer hitting/pushing her.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 178.**

Admit that Defendant's white male Manager Brent Cancienne denied Plaintiffs request for shift adjustment to renew badges.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 179.**

Admit that Defendant's Supervisor Gwen Taylor denied Plaintiffs request for shift adjustment to renew badges before expiration.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 180.**

Admit that Defendant violated IAMl 41 Union contract pertaining to Plaintiff asking for shift adjustment from overnight shift to renew badges before expiration.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 181.**

Admit that Defendant white male Manager Brent Cancienne called Plaintiff a "Liar" in meeting with Defendant's Upper Manager.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement. Defendant also objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

**REQUEST NO. 182.**

Admit that Defendant allows a shift adjustment for other non• Black UA CSR's to renew company badges while working.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 183.**

Admit that Defendant told Plaintiff she needed to sit only in what Defendant is calling forward facing seats/position in Terminal B South Service Center for her Safety.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 184.**

Admit that Defendant Managers told Plaintiff she needed to sit only in what Defendant is calling forward facing seats/position in Terminal B South Service Center for her Protection.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 185.**

Admit that Defendant provides Safety for all UA CSR's at Terminal B South Service Center.

RESPONSE:

Defendant admits that it provides a safe workplace for its employees at all work locations, including the Terminal B South Service Center.

**REQUEST NO. 186.**

Admit that Defendant informed Plaintiff that UA Managers could not see Plaintiff working on camera in Terminal B South Service Center.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 187.**

Admit that Defendant could see Plaintiff working on camera at the Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it seeks information which is not relevant to the claim or defense of any party.

**[At this point in the sequence of requests, Plaintiff omits No.188.]**

**REQUEST NO. 189.**

Admit that Defendant Managers' could see Plaintiff working at Terminal B South Service Center in the comfort of Defendant Managers' home with an application downloaded on UA's Iphone while he or she is off duty.

RESPONSE:

Defendant objects to this Request because it seeks information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 190.**

Admit that Defendants' Managers could see any UA CSR at IAH from the comfort of UA Manager's home with an application downloaded on UA Iphone while Defendant is off duty.

RESPONSE:

Defendant objects to this Request because it seeks information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 191.**

Admit that Defendant white male Manager violated Plaintiffs privacy rights while watching Plaintiff on Iphone when white male Defendant Manager was off duty.

RESPONSE:

Defendant objects to this Request because it seeks information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it misleadingly implies that an unidentified manager is a defendant in this matter.

**REQUEST NO. 192.**

Admit that Defendant white male CSR TL did not receive a disciplinary action when made offensive remarks over loud speaker about Ramp Agents in front of UA customers and other airport personnel.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that an unidentified CSR TL is a defendant in this matter.

**REQUEST NO. 193.**

Admit that Defendant's immediate Supervisor or AD never responded to Plaintiffs' complaint of white male CSR TL offensive remarks made over loud speaker in front of UA customers and other airport personnel regarding Ramp Agents.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 194.**

Admit that Defendants' Ticket Counter Supervisor advised Plaintiff to report concerns about white male UA CSR TL offensive remarks made over loud speaker in front of UA customers and other airport personnel about UA Ramp Agents to immediate Supervisor and AD.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 195.**

Admit that Defendant did not hold an Official Investigation when Plaintiff reported Defendant white male CSR TL for his offensive remarks made over loudspeaker in front of UA customers and airport personnel about UA Ramp Agents.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 196.**

Admit that Defendant allowed white male CSR TL to bully and harass Plaintiff when Plaintiff disagreed with his actions of making offensive remarks over loudspeaker in front of UA customers and airport personnel about UA Ramp Agents.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 197.**

Admit that Defendant abused his position as CSR TL to bully and harass Plaintiff when Plaintiff disagreed with his actions of making offensive remarks over loudspeaker in front of UA customers and airport personnel about UA Ramp Agents.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that an unidentified CSR TL is a defendant in this matter.

**REQUEST NO. 198.**

Admit that Defendant allowed its Managers to abuse his/her positions to HARASS, BULLY, DISCRIMINATE AND RETALIATE against Plaintiff.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 199.**

Admit that Defendant HR Manager Tonya Patterson recused herself as Hearing Officer from Plaintiffs third step appeal.

RESPONSE:

Defendant admits only that Tonya Patterson recused herself as the hearing officer for Plaintiff's third step appeal of her employment termination grievance.

**REQUEST NO. 200.**

Admit that Defendant HR Manager was brought in from Chicago as Hearing Officer for Plaintiffs third step appeal.

RESPONSE:

Defendant admits only that a human resources manager regularly assigned to Chicago O'Hare International Airport served as the hearing officer for Plaintiff's third step appeal of her employment termination grievance.

**REQUEST NO. 201.**

Admit that Defendant's CSR responsibilities and duties at Service Centers are to resolve service failures.

RESPONSE:

Defendant admits only that a customer service representative assigned to the customer service center should work with the customer to find an acceptable solution, following Defendant's service recovery and rebooking guidelines, to complete the service recovery process.

**REQUEST NO. 202.**

Admit that Defendant's policy that Cell Phones are not to be utilized while at work station at UA Service Centers.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 203.**

Admit that Defendant has Levels of Discipline policy.

RESPONSE:

Defendant admits only that Article 9.A.2 of the Passenger Service Employees 2013-2016 Agreement between Defendant and the International Association of Machinists and Aerospace

Workers provides that "The Company will follow a progressive discipline system. This will not limit the Company's ability to discharge employees for a single serious offense, to hold an employee out of service without pay, or to issue a disciplinary suspension if circumstances so warrant."

**REQUEST NO. 204.**

Admit that Defendant did not follow its Levels of Discipline policy when white CSR TL hit/push Plaintiff.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 205.**

Admit that Defendant did not follow its Levels of Discipline policy when Plaintiff was terminated.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 206.**

Admit that Defendant did not follow its Levels of Discipline policy when Plaintiff was suspended by AD to no fault of Plaintiff.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 207.**

Admit that Defendant did not follow its Levels of Discipline policy when Plaintiff was sent home by Defendant Supervisor due to white CSR's bullying and harassment.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 208.**

Admit that Defendant issued a Level of Discipline that expired in 15 months to Plaintiff when white CSR TL hit/pushed Plaintiff.

RESPONSE:

Defendant admits only that it initially disciplined Plaintiff with a written warning for period of 15 months after its investigation concluded that Plaintiff confronted a co-worker in a manner which the co-worker deemed threatening in a customer contact area and that this discipline was reduced to a documented verbal warning throught labor grievance process.

**REQUEST NO. 209.**

Admit that Defendant and its associates celebrated Plaintiffs denied Unemployment Benefits claim.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 210.**

Admit that Defendant Area Manager David Brackett, Supervisor Marc Gruver and AD Andy Jamison are all friends.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that the identified employees are all defendants in this matter.

Subject to this objection and without wavier, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 211.**

Admit that Defendant AM David Brackett has never worked with Plaintiff during her employment at UA.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that David Brackett is a defendant in this matter.

Subject to this objection and without wavier, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 212.**

Admit that Defendant AM David Brackett worked as AM for the Ramp.

**RESPONSE:**

Defendant objects to this Request because it misleadingly implies that David Brackett is a defendant in this matter.

Subject to this objection and without wavier, Defendant admits only that David Brackett worked as Defendant's area manager for ramp services at Bush Intercontinental Airport Houston when he served as the hearing officer for the investigative review meeting which considered Plaintiff's proposed employment termination.

**REQUEST NO. 213.**

Admit that Defendant AM David Brackett stated Plaintiff requested clarification on work rules at the service center.

**RESPONSE:**

Defendant admits only that in the employment termination letter dated January 11, 2016, David Brackett states, "Prior to the conversation on December 9th you had requested clarification on work rules at the service center, specifically relating to working/sitting in the specific work position."

**REQUEST NO. 214.**

Admit that Defendant Managers allowed white Supervisors was allowed to work unsecured area without proper badges.

**RESPONSE:**

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 215.**

Admit that Defendant Am David Brackett stated AD Jamison gave Plaintiff direction that the work position in question was not to be utilized.

**RESPONSE:**

Defendant admits only that in the employment termination letter dated January 11, 2016, David Brackett states, "During the meeting Mr. Jamison explained the direction the company was taking and gave explicit direction that the work position in question was not to be utilized."

**REQUEST NO. 216.**

Admit that Defendant did not discipline male CSR agent Sergio Garcia equally when given a Direct Order to vacate seat/position at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is cumulative, seeking the same information sought in Request No.48.

**REQUEST NO. 217.**

Admit that Defendant did not discipline other white CSR agents equally when given a Direct Order to vacate seat/position at Terminal B South Service Center.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 218.**

Admit that Defendant HR Tonya Patterson would not allow Plaintiff to write notes in third step review with Union member.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny this statement.

**REQUEST NO. 219.**

Admit that Defendant Managers did not intimidate or threaten CSR Ellen Johnson.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant denies that any manager intimidated or threatened Ellen Johnson.

**REQUEST NO. 220.**

Admit that Defendant Managers skipped the steps of UA Discipline process when Plaintiff was hit/pushed by white CSR Ellen Johnson.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant denies this statement.

**REQUEST NO. 221.**

Admit that Defendant Managers treated Plaintiff differently than white CSR Ellen Johnson regarding the hit/push incident.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant admits only that it ultimately issued a documented verbal warning to both Plaintiff and Ellen Johnson.

**REQUEST NO. 222.**

Admit that Defendant did not have Plaintiff on any active steps of discipline when white CSR Ellen Johnson hit/push Plaintiff.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 223.**

Admit that Defendant considers hitting and or pushing a coworker as a serious nature.

RESPONSE:

Defendant admits that its "Violence Free Workplace" policy states that co-workers who violate the policy may be subject to disciplinary action, up to and including discharge.

**REQUEST NO. 224.**

Admit that Defendant Managers told Plaintiff she needed to sit in what Defendant is calling forward facing seats to be seen on camera at Terminal · B Service Center.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant admits that statement.

**REQUEST NO. 225.**

Admit that Defendant Managers ignored Plaintiffs request for assistance with UA wheelchair/disabled passenger along with his travel companion at Terminal B South Service Center

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 226.**

Admit that Defendant AD Trozie Jordon received complaint call from Plaintiff about UA Manager Gilberto Galarza hanging phone up on Plaintiff telling Plaintiff to "stop calling him regarding assistance in helping wheelchair/disabled customer at Terminal B Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Trozie Jordan is a defendant in this matter.

**REQUEST NO. 227.**

Admit that Defendant white male CSR TL Dave Myers called UA Ramp agents "Cowards" over loud speaker.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Dave Myers is a defendant in this matter.

**REQUEST NO. 228.**

Admit that Defendant white male CSR TL Dave Myers called UA Ramp agents "Cowards" in front of UA customers, passengers, coworkers and other airport personnel.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Dave Myers is a defendant in this matter.

**REQUEST NO. 229.**

Admit that Defendant sent email to UA Managers asking that white male TL Dave Myers position be relinquished.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 230.**

Admit that Defendant white CSR TL Ellen Johnson admitted to brushing Plaintiff with her hip at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Ellen Johnson is a defendant in this matter.

Subject to this objection and without waiver, Defendant admits this statement.

**REQUEST NO. 231.**

Admit that Defendant UA Supervisor Alexa Hernandez thanked Plaintiff for her professional and graciousness in the way Plaintiff handled UA customer.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Alexa Hernandez is a defendant in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 232.**

Admit that Defendant UA Supervisor Alexa Hernandez thanked Plaintiff for going over and beyond to assume UA customer's SAFETY.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Alexa Hernandez is a defendant in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 233.**

Admit that Defendant white Managers demanded Plaintiffs personal cell phone number in meeting the day Ellen Johnson hit Plaintiff.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 234.**

Admit that Defendant said Plaintiff was not complying with investigation when Plaintiff was uncomfortable giving white male AD her personal cell phone number.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 235.**

Admit that Defendant used Intimidation and Harassing practices with Plaintiff to obtain her personal cell phone number.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 236.**

Admit that Defendant white male AD said to Plaintiff he's going to be "direct".

RESPONSE:

Defendant objects to this Request because it misleadingly implies that an unidentified white male AD is a defendant in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 237.**

Admit that Defendant white male AD said "the African American can help" to Plaintiff in a meeting.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that an unidentified white male AD is a defendant in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 238.**

Admit that Defendant's Managers violated United's Working Together Policy with Plaintiff.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 239.**

Admit that Plaintiff was victim when hit/pushed by Ellen Johnson.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 240.**

Admit that Plaintiff was victim when hit by UA Ramp Agent.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 241.**

Admit that Plaintiff was victim when hit by UA customer.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 242.**

Admit that Defendant's Managers did not file CRO report for wheelchair/disabled passenger being dropped on aircraft.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 243.**

Admit that Defendant's Managers ignored Plaintiffs' many attempts for help for wheelchair/disabled passenger at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 244.**

Admit that Defendant Supervisor Rhonda Heinricksen assisted Plaintiff with contacting Managers to come to Terminal B South Service Center to assist Plaintiff with wheelchair/disabled passenger and travel companion.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 245.**

Admit that Defendant Managers did not follow up with Plaintiff regarding wheelchair/disabled passenger and travel companion.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 246.**

Admit that Defendant Manager's violated its own Working Together Guidelines where Plaintiff is concern.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 247.**

Admit that Defendant was not using the IAH OPEN SERVICE CENTER CONCEPT as outlined in brochure.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 248.**

Admit that Defendant Managers did not FULLY use IAH OPEN SERVICE CONCEPT as outlined in brochure.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant denies this statement.

**REQUEST NO. 249.**

Admit that Defendant Managers was not consistent with IAH OPEN SERVICE CONCEPT as outlined in brochure.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant denies this statement.

**REQUEST NO. 250.**

Admit that Defendant Managers demanded Plaintiff to draw out area in Terminal B South Service Center on paper.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant admits that Plaintiff was not willing to draw a diagram of the Terminal B South Service Center as part of Defendant's investigation of the incident involving Plaintiff and Ellen Johnson.

**REQUEST NO. 251.**

Admit that Defendant Managers said to Plaintiff that they are not good with a nonvisual.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 252.**

Admit that Defendant refused Plaintiff's use of desk where everyone was sitting as prop.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 253.**

Admit that Defendant Managers acted out a scene to Plaintiff in which two people walking on sidewalk, one walking towards the another one.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 254.**

Admit that Defendant Managers said that Plaintiff should have moved out of Ellen Johnson way because she was white.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant denies this statement.

**REQUEST NO. 255.**

Admit that Defendant approved time off for grandmothers' death in 2015.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 256.**

Admit that Defendant reached out to SR HR Manager Wayne Slaughter.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 257.**

Admit that Defendant Manager Wayne Slaughter met at UA downtown's office.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Wayne Slaughter is a defendant in this matter.

**REQUEST NO. 258.**

Admit that Defendant's EAP referred Plaintiff to reach out to SR HR Manager Wayne Slaughter.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 259.**

Admit that Defendant SR HR Manager Wayne Slaughter did not investigate issues brought to him by Plaintiff.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Wayne Slaughter is a defendant in this matter.

**REQUEST NO. 260.**

Admit that Defendant SR HR Manager Wayne Slaughter got HR Manager Tonya Patterson involved.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Wayne Slaughter and Tonya Patterson are defendants in this matter.

**REQUEST NO. 261.**

Admit that Defendant SR HR Manager Wayne Slaughter and HR Tonya Patterson did not conduct an Official Company Investigation with issues brought to them by Plaintiff.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Wayne Slaughter and Tonya Patterson are defendants in this matter.

**REQUEST NO. 262.**

Admit that Defendant SR HR Manager Tonya Patterson nor Wayne Slaughter took any witness statements regarding issues brought to them by Plaintiff.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Wayne Slaughter and Tonya Patterson are defendants in this matter.

**REQUEST NO. 263.**

Admit that Defendant SR HR Managers Wayne Slaughter and Patterson ignored Plaintiffs concerns.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Wayne Slaughter and Tonya Patterson are defendants in this matter.

**REQUEST NO. 264.**

Admit that Defendant HR Manager Tonya Patterson did not respond to Plaintiffs' emails regarding bullying and Harassment by City of Houston Supervisors.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Tonya Patterson is a defendant in this matter.

**REQUEST NO. 265.**

Admit that Defendants' MD Jim Moody sent Plaintiff a Customer Service Commendation letter December 2015.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 266.**

Admit that Defendant Manager Brent Cancienne was not assigned to Terminal B South Service Center on December 14, 2015.

RESPONSE:

Defendant objects to this Request because it is cumulative, seeking the same information sought in the first Request No.148.

**REQUEST NO. 267.**

Admit that Defendant Manager Brent Cancienne was not assigned to Terminal B South Service Center on August 3, 2015.

RESPONSE:

Defendant objects to this Request because it is cumulative, seeking the same information sought in the first Request No.149.

**REQUEST NO. 268.**

Admit that in December Plaintiff received Recognition because of her Professionalism by Defendant Supervisor Alexa Hernandez.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 269.**

Admit that Defendant Manager Angela Pallanez Suspended Plaintiff.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Angela Pallanez is a defendant in this matter.

**REQUEST NO. 270.**

Admit that Defendant Manager Adeena Mady sent Plaintiff and Mary Riley home.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Adeena Mady is a defendant in this matter.

**REQUEST NO. 271.**

Admit that Defendant Manager Tonya Patterson classified Plaintiff as the "aggressor".

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Tonya Patterson is a defendant in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 272.**

Admit that Defendant Manager Tonya Patterson said UA may have to face outside scrutiny with EEOC by Plaintiff.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Tonya Patterson is a defendant in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 273.**

Admit Defendant Managers gave Plaintiff a written warning when Ellen Johnson hit her.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant denies this statement.

**REQUEST NO. 274.**

Admit Defendant Managers allowed UA coworkers to bully and Harass Plaintiff.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant denies this statement.

**REQUEST NO. 275.**

Admit Defendant Manager Adena Mady found Plaintiffs stolen items in CSR Patty Banfield's locker in Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Adeena Mady is a defendant in this matter.

**REQUEST NO. 276.**

Admit that Defendant Manager Adena Mady witness Plaintiff make a police report regarding her stolen items in Patty Banfield's locker.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Adeena Mady is a defendant in this matter.

**REQUEST NO. 277.**

Admit that Defendant Managers assigned Plaintiff a locker in Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

**REQUEST NO. 278.**

Admit that Defendant's Managers referred to Plaintiff as the one who gets Supervisors fired.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 279.**

Admit that Defendant's Manager Brent Cancienne harassed Plaintiff about her badges.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 280.**

Admit that Defendant Manager Brent Cancienne refused Plaintiff a shift adjustment to get processed for badges before expiration.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

**REQUEST NO. 281.**

Admit that Defendant Resource agents was assisting in getting Plaintiff a temporary badge.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified resource agents are defendants in this matter.

**REQUEST NO. 282.**

Admit that Defendant Manager Brent Cancienne blocked Plaintiff from receiving temporary badge.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

**REQUEST NO. 283.**

Admit that Defendant Resource informed Plaintiff that UA Managers issue temporary badges to other UA CSR's.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that unidentified resource agents are defendants in this matter.

**REQUEST NO. 284.**

Admit that Defendant Brent Cancienne has authorized any CSR for a temporary badge.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

**REQUEST NO. 285.**

Admit that Defendant Brent Cancienne lied saying Plaintiff caused a disturbance in Resource office over badges.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave

to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

**REQUEST NO. 286.**

Admit that Defendant Manager Brent Cancienne called Plaintiff in Terminal C Baggage Office about her badges.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

**REQUEST NO. 287.**

Admit that Defendant Manager Brent Cancienne came to Terminal C Baggage Office looking for Plaintiff.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

**REQUEST NO. 288.**

Admit that Defendant Manager Brent Cancienne left messages with other CSR's in Terminal C Baggage to tell Plaintiff he needs to see her about her expired badges.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint. Defendant also objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

**REQUEST NO. 289.**

Admit that Plaintiff's badges were not expired when Manager Brent Cancienne was calling looking for her in Terminal C Baggage office.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, inquiring into matters that are not relevant to Plaintiff's claim in light of the Court denying her motion for leave to amend her complaint.

**REQUEST NO. 290.**

Admit that Defendant Manager Brent Cancienne only worked with Plaintiff a couple of years prior when Defendant managed Terminal C Baggage.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

Subject to this objection and without waiver, Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 291.**

Admit that Plaintiff had not worked with Defendant's Manager Brent Cancienne since she worked in Baggage at Terminal C.

RESPONSE:

Defendant has made a reasonable inquiry, and the information that it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST NO. 292.**

Admit that Defendant Manager Brent Cancienne stalked Plaintiff.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

Subject to this objection and without waiver, Defendant denies this statement.

**REQUEST NO. 293.**

Admit that Defendant CSR Training CSR agent Monica Varela emailed UA Manager Brent Cancienne regarding Plaintiff.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 294.**

Admit that HR Manager Tonya Patterson recused herself from Plaintiff's third step appeal in her termination.

RESPONSE:

Defendant admits only that Tonya Patterson recused herself as the hearing officer for Plaintiff's third step appeal of her employment termination grievance.

**REQUEST NO. 295.**

Admit that HR Manager Tonya Patterson recused herself from any third step appeals for other CSR agent who were terminated for giving a Direct Order to move from seating and or position.

RESPONSE:

Defendant denies this statement.

**REQUEST NO. 296.**

Admit that HR Manager Tonya Patterson did not send Plaintiff any written letter explaining her recusal.

RESPONSE:

Defendant admits only that Tonya Patterson did not send Plaintiff any written correspondence regarding her recusal as the hearing officer for Plaintiff's third step appeal of her employment termination grievance.

**REQUEST NO. 297.**

Admit that Defendant's Manager Susan Caraffe told other UA Managers that Plaintiff was very difficult to deal with.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 298.**

Admit that Defendant Alexa gave Plaintiff Irrops Iphone handheld device to use on December 14, 2015 at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 299.**

Admit that Plaintiff was using Defendant's IRROPS Iphone handheld device on December 14, 2015 at Terminal B South Service Center.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 300.**

Admit that Defendant's policy is for CSR's to check IRROPS Iphone handheld device out at the radio room in Terminal E.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 301.**

Admit that Defendant Managers require CSR's to present his or her badge to check out IRROPS Iphone handheld device at the radio room in Terminal E.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 302.**

Admit that Defendant required CSR's to sign using their signature to check out IRROPS Iphone handheld device at the radio room in Terminal E.

RESPONSE:

Defendant objects to this Request because it is outside the scope of discovery, seeking information which is not relevant to the claim or defense of any party. Defendant also objects to this Request because it is not proportional to the needs of the case, specifically (a) because the information requested is of low importance to resolving the issues and (b) because the information requested places a burden on Defendant that outweighs its likely benefit.

**REQUEST NO. 303.**

Admit that Defendant Manager Brent Cancienne emailed HR Managers about Plaintiff.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

Subject to this objection and without waiver, Defendant admits only that Brent Cancienne communicated with relevant human resources managers about the incident involving Plaintiff and Ellen Johnson.

**REQUEST NO. 304.**

Admit that Defendant Managers told Plaintiff that Manager Andy Jamison was at home dealing with a house fire at his home and told Managers to call Plaintiff in the office on December 14, 2015.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that unidentified managers are defendants in this matter.

Subject to this objection and without waiver, Defendant admits only that Andy Jamison was not at work because of a house fire on December 14, 2015.

**REQUEST NO. 305.**

Admit that other members of management are intimidated by Defendant Manager Brent Cancienne.

RESPONSE:

Defendant objects to this Request because it misleadingly implies that Brent Cancienne is a defendant in this matter.

Subject to this objection and without waiver, Defendant denies this statement.

I'm still trying to confirm deposition on Tuesday July 16, 2019 for Kathy Page.

Is it a confirmation for the times and dates last sent for the remaining four depositions?

Also, I'm still waiting on electronic pfiles for the following: Kathy Page, Alexa Hernandez, Mark Gruver, Trozie Jordan, Andy Jamison, Brent Cancienne, Jennifer Romeo, Richard Pinto and Tonya Patterson.

Regards,

Ms. Richardson

On Wed, Jul 10, 2019, 9:23 AM Amit Misra <amit@misralegal.com> wrote:

We cannot schedule Kathy Page for this Monday, July 15. I am suggesting Tuesday, July 16 for her. Please confirm.

**From:** Quinn Rich <justice4quinn@gmail.com>
**Sent:** Tuesday, July 09, 2019 4:08 PM
**To:** Amit Misra <amit@misralegal.com>
**Subject:** Re: Depositions

Mr.Misra:

These dates will work for me at this time:

Kathy Page Monday 7/15/2019

Richard Pinto  Friday 7/19/2019

Trozie Jordan  Monday 7/22/2019

Andy Jamison Friday 7/26/2019

www.misralegal.com

**From:** Quinn Rich <justice4quinn@gmail.com>
**Sent:** Wednesday, July 10, 2019 12:32 PM
**To:** Amit Misra <amit@misralegal.com>
**Subject:** Re: Depositions

Mr Misra:

 I'm still trying to confirm deposition on Tuesday July 16, 2019 for Kathy Page.

Is it a confirmation for the times and dates last sent for the remaining four depositions?

Also, I'm still waiting on electronic pfiles for the following: Kathy Page, Alexa Hernandez, Mark Gruver, Trozie
Jordan, Andy Jamison, Brent Cancienne, Jennifer Romeo, Richard Pinto and Tonya Patterson.

Regards,

Ms. Richardson

On Wed, Jul 10, 2019, 9:23 AM Amit Misra <amit@misralegal.com> wrote:

> We cannot schedule Kathy Page for this Monday, July 15. I am suggesting Tuesday, July 16 for her. Please confirm.
>
>
> **From:** Quinn Rich <justice4quinn@gmail.com>
> **Sent:** Tuesday, July 09, 2019 4:08 PM
> **To:** Amit Misra <amit@misralegal.com>
> **Subject:** Re: Depositions
>
>
> Mr.Misra:

On your document request, you served it on June 28, 2019. Per Fed.R.Civ.P. 34, I have 30 days to respond. I will respond on or before the due date.


Regards,

Amit


Amit K. Misra, Esq., P.C.

Board Certified

Labor and Employment Law





LABOR AND EMPLOYMENT LAW

The Misra Legal Group

639 Heights Boulevard

Houston, Texas 77007


832-723-4776 tel

832-476-9656 fax

amit@misralegal.com

www.misralegal.com


**From:** Quinn Rich <justice4quinn@gmail.com>
**Sent:** Wednesday, July 10, 2019 12:32 PM
**To:** Amit Misra <amit@misralegal.com>
**Subject:** Re: Depositions


Mr Misra: